[No. 11252-7-III.   Division Three.   August 11, 1992.]

*In the Matter of the Custody of* CHER MARIE SALERNO.

VIRGINIA SALERNO VALLY, *Appellant,* v. ANTHONY
SALERNO, ET AL, *Respondents.*

---

924

*Kari J. Grytdal* and *Rascoff & Associates; John E. Snoddy,* for appellant.

*Carl J. Oreskovich* and *Hemovich, Nappi, Oreskovich & Butler,* for respondents.

SHIELDS, C.J. — After litigation in Illinois and Washington state courts, and the Federal District Court for the Eastern District of Washington, Virginia Salerno Vally regained custody of her daughter, Cher Marie. She was awarded virtually

all of her attorney fees and costs incurred in Washington, but denied attorney fees and travel expenses for the Illinois litigation. We affirm.

In February 1983, Ruth M. Salerno, grandmother of Cher Marie Salerno, flew to Spokane and took Cher Marie back to Batavia, Illinois. There, she obtained temporary custody and petitioned to adopt the child. After Ms. Vally was served with the Illinois temporary custody order she filed a petition for custody in Spokane County Superior Court. An order granting custody to Ms. Vally was entered June 10, 1983. The Washington order was taken to Illinois for enforcement.

Eventually, after lengthy proceedings in the Illinois state courts and the federal court, it was determined Washington had jurisdiction over Cher Marie's custody and the matter was returned to Spokane County Superior Court in 1987. On January 29, 1987, the court denied the Salernos' forum non conveniens motion and ordered the child returned to her mother. Ms. Vally then sought attorney fees for the actions in Illinois and Washington, plus travel expenses and counseling fees. On May 31, 1990, by memorandum opinion the court awarded Ms. Vally costs of $276.94 and attorney fees, which were incurred in the State of Washington, of $16,170, plus counseling fees of $990. It denied all costs and fees incurred in Illinois, as well as travel expenses, on the basis the Uniform Child Custody Jurisdiction Act (UCCJA) allows only Illinois to make those awards. The Salernos appealed and Ms. Vally cross-appealed. The Salernos' appeal was dismissed on their motion and the parties were redesignated.

Ms. Vally contends the trial court erred by (1) denying fees for another attorney in Washington and (2) concluding it did not have jurisdiction to award Ms. Vally's attorney fees and travel expenses necessitated by enforcement of the Washington custody judgment in Illinois. Both parties request attorney fees on appeal.

■ ■ 1. Although the parties do not explain in their briefs the second Washington attorney's role, the attorney states in her affidavit she was contacted by Ms. Vally's first attorney to act as a consultant. It was within the trial

court's discretion to award her fees. RCW 26.09.140, .260. The trial court's decision not to award attorney fees will not be reversed unless it is untenable or manifestly unreasonable. *Chapman v. Perera*, 41 Wn. App. 444, 453, 704 P.2d 1224, *review denied*, 104 Wn.2d 1020 (1985). The court's memorandum opinion makes no mention of the second attorney's claim, nor is it addressed in the court's findings of fact and conclusions of law. On the record before this court, we cannot say the failure to award the second attorney's fees was an abuse of discretion.

▮ 2. Although Ms. Vally was awarded her Washington costs and attorney fees for proceedings under RCW 26.09 pursuant to RCW 26.09.140, that statute does not confer jurisdiction for an award of costs and fees incurred while maintaining or defending any proceedings in Illinois. *See In re Marriage of Corrie*, 32 Wn. App. 592, 597, 648 P.2d 501 (1982).

RCW 26.27, the UCCJA, was adopted, in part, to avoid jurisdictional competition and conflicts between state courts and to make the law uniform in the states enacting it. *See* RCW 26.27.010(1)(a), (i). The relevant Washington and Illinois provisions are virtually identical:

> A person violating a custody decree [judgment] of another state which makes it necessary to enforce the decree [judgment] in this state may be required to pay necessary travel and other expenses, including attorneys' fees, incurred by the party entitled to the custody or his witnesses.

RCW 26.27.150(2); Ill. Ann. Stat. ch. 40, § 2116(b) (Smith-Hurd 1980). As the trial court determined, under the UCCJA, Illinois is the proper forum in which to pursue her claim for fees and expenses incurred in the enforcement proceedings. The plain language of the Washington and Illinois provisions regarding recoupment of expenses associated with enforcing the Washington custody decree in Illinois dictates this result. There was no error. Ms. Vally unsuccessfully sought an award of attorney fees and travel costs in the Illinois adoption proceeding. She has not, apparently, sought such fees in the Illinois mandamus proceeding

to enforce the foreign judgments of the Washington court and the federal court.

Ms. Vally requests attorney fees on appeal pursuant to RCW 26.09.140 and RAP 18.1. The Salernos also request costs and fees pursuant to RAP 18.1, based upon Ms. Vally's "litigious nature". Since Ms. Vally failed to submit a financial affidavit and the appeal is not frivolous, both parties' requests are denied.

Affirmed.

MUNSON and SWEENEY, JJ., concur.