IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 82344-2-I |
| | ) | |
| DANIEL HUESCH, | ) | DIVISION ONE |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| v. | ) | |
| | ) | |
| ANJA HUESCH, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

HAZELRIGG, J. — Anja Huesch appeals from a King County Superior Court Final Divorce Order. She alleges the trial court erred (1) by denying her motion to compel, (2) by declining to award attorney fees, and (3) by declining to consider her post-trial request to enforce an alleged agreement regarding the child's tuition. Both parties request attorney fees on appeal. Because the trial court did not abuse its discretion, we affirm and decline to award fees to either party.

## FACTS

Anja and Daniel Huesch[1] were married in Germany in 2012. They have one child, K.H., who was born in Germany in 2012. Daniel worked at a tech start-up, which was later acquired by Amazon. The couple moved to Seattle in 2015, where

---

[1] Because the parties share the same last name, we use their first names for clarity. No disrespect is intended.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

Daniel works for Amazon as a software development manager. Anja has an advanced degree in American Studies and has been a stay-at-home mother. In September 2018, Daniel petitioned for dissolution of the marriage, stating it was "irretrievably broken." There was extensive litigation in the case, which eventually concluded with a five-day trial.

The court issued its findings of fact and conclusions of law about a marriage, along with a final divorce order and parenting plan, in January 2021. Anja timely appeals.

ANALYSIS

I.      Denial of Motion to Compel

Anja first argues the court erred in denying her motion to compel Daniel to comply with King County Superior Court Local Family Law Rule 10 (LFLR 10). This rule requires each party to submit a financial declaration and supporting documents in proceedings involving issues of child support, spousal maintenance, property settlement, or payment of the child's expenses. KING COUNTY SUPER. CT. LOCAL FAM. LAW R. 10.

In reviewing a trial court's interpretation of a local court rule, we uphold the trial court's application "unless the construction placed thereon is clearly wrong or an injustice has been done." Snyder v. State, 19 Wn. App. 631, 637, 577 P.2d 160 (1978). Additionally, "observation of local rules is largely discretionary in the trial court," and trial courts may "relax and suspend its own special rules of procedure." Id. We presume the trial court "disregarded the rule (if it did) for sufficient cause." Id.

- 2 -

Here, the court construed Anja's motion as a discovery motion filed after the discovery deadline had passed. It held that regardless of the motion's identity as a discovery motion, Anja's counsel "knew or should have known that the Financial Declaration was not current," and "failed to act with diligence" by neglecting to bring a motion until the second to last day of trial. Anja fails to cite any authority to support her contention that her motion was "not a motion to compel discovery," or that it was timely. Additionally, the court found Daniel had not complied with LFLR 10 and ordered a remedy in the form of an adverse inference.

Without more, Anja has not met her burden to demonstrate the court's interpretation of LFLR 10 "is clearly wrong or" that "an injustice has been done."[2]

II.    Post-Trial Evidence of Tuition Agreement

Anja contends the trial court abused its discretion by declining to consider Anja's argument to delay capping Daniel's tuition contributions. She first raised this issue in a post-trial memorandum, and alleges that the judge's email inviting the parties to identify errors "where there is no disagreement between the parties regarding the underlying substance" authorized such additional information. Anja claims there is no "honest" dispute between the parties regarding Daniel's promise to pay K.H.'s full 2020–2021 tuition, but he challenges whether this binding agreement exists at all.

As a preliminary matter, Anja cites no authority for her contention that the court abused its discretion in declining to consider the evidence. RAP 10.3(a)(6)

---

[2] Accordingly, the court did not err in making Conclusion of Law 87, 88, 91, or 92.

requires a party to submit argument supported by citations to legal authority in its briefing.

A court's decision to decline to reopen "a cause for additional evidence is within the discretion of the trial court," and we will not reverse unless the court abuses its discretion which causes prejudice. Estes v. Hopp, 73 Wn.2d 263, 270, 438 P.2d 205 (1968). As a general rule, after trial, if "evidence was available but not offered until after that opportunity passes, the parties are not entitled to another opportunity to submit that evidence." Wagner Dev., Inc. v. Fidelity and Deposit Co. of Md., 95 Wn. App. 896, 907, 977 P.2d 639 (1999).

Here, the emails Anja alleges demonstrate the agreement between herself and Daniel were sent in April 2019, May 2019, and February 2020. Trial began November 16, 2020. Anja had an opportunity to submit the evidence prior to or during trial, but failed to do so. The court did not abuse its discretion in declining to hear the post-trial evidence.[3]

III.     Denial of Attorney Fees

Anja next argues the trial court abused its discretion by declining to award her reasonable attorney fees and costs, particularly without the information required by LFLR 10 and without considering the income of Daniel's girlfriend with whom he resides.[4] We review a court's ruling regarding attorney fees under RCW 26.09.140 for an abuse of discretion. In re Marriage of Nelson, 62 Wn. App. 515, 521, 814 P.2d 1208 (1991). Although Anja frames this argument in

---

[3] Accordingly, the trial court did not err in making Conclusion of Law 96.
[4] Daniel's briefing does not respond to the argument that the court erred in failing to consider his girlfriend's income.

terms of an abuse of discretion, in her reply brief she contends entitlement to attorney fees is an issue of law reviewed de novo, citing cases unrelated to RCW 26.09.140 or family law generally. Our case law is clear that a trial court's decision not to award attorney fees under this provision is reviewed for an abuse of discretion, and we will not reverse unless the court's decision "is untenable or manifestly unreasonable." In re Custody of Salerno, 66 Wn. App. 923, 926, 833 P.2d 470 (1992).

A decision whether to award attorney fees is a discretionary decision, and neither party is entitled to "fees as a matter of right." In re Marriage of Terry, 79 Wn. App. 866, 871, 905 P.2d 935 (1995). Rather, the court determines "whether one party has a need and the other party has the ability to pay," and then determines whether to award fees. Id. "The party challenging the award bears the burden of proving" the court's decision was "clearly untenable or manifestly unreasonable." In re Marriage of Knight, 75 Wn. App. 721, 729, 880 P.2d 71 (1994).

First, we note that while the trial court made its decision regarding fees without the information required by LFLR 10, it imposed an adverse inference against Daniel and determined his financial resources based on his 2019 W-2 and tax return, which did include the assets Anja avers were missing from Daniel's financial declaration.

Anja also alleges the trial court's decision is based on insufficient findings because it failed to consider the income of Daniel's girlfriend. She cites to In re Marriage of Bobbitt for support. See 135 Wn. App. 8, 30, 144 P.3d 306 (2006).

In that case, Division II of this court vacated a judgment for attorney fees and remanded for the trial court to make findings of fact and conclusions of law, finding the trial court failed to "provide sufficient findings of fact and conclusions of law to develop an adequate record for appellate review." Id. The court in Bobbitt failed to include information about a party's new husband's income, household expenses, and assets. Id. However, the court also failed to make any findings beyond stating the fees were awarded "for the necessity of having to pursue this action," neglecting to make any findings regarding either parties' need or ability to pay, and making no findings regarding intransigence. Id.

The case before us is distinct. While the court did not consider the income of Daniel's girlfriend, it did consider that Daniel received a loan of $103,000 from her. There was also testimony that his girlfriend worked as a "senior marketing operations manager at Microsoft," and that she owned the home they resided in together, and that her income was six figures.[5] But, Daniel and his girlfriend were not married at the time of the court's ruling. Daniel's partner testified that although she and Daniel were in a committed relationship, Daniel was sharing all household expenses when he had the funds to do so and they had executed a cohabitation agreement under the terms of which all of her separate property remained separate. Anja's attorney conceded to the court that Daniel's girlfriend had no legal obligation to cover any of his debts. Based on these facts, there was sufficient evidence to support the court's decision not to consider his partner's income in assessing Daniel's ability to pay Anja's attorney fees.

---

[5] She testified she was unable to give an approximation of her salary, but that it was "fair to say that it's six figures."

The court also considered testimony by Daniel about his assets and debts, particularly the assets "drained" by litigation. It recognized that Daniel took out a loan to pay the property settlement to Anja, and that his future Reserve Stock Units would be used to repay that debt.[6] The court found Daniel's testimony that he has little cash and no real property or significant assets, credible. Based on this record, it was not an abuse of discretion to decline to award discretionary attorney fees to Anja.[7]

IV.    Attorney Fees on Appeal

Both Anja and Daniel request their respective attorney fees on appeal. Anja requests fees under RCW 26.09.140. Daniel requests his fees as a sanction, alleging Anja's appeal is frivolous, or alternatively, because it is intransigent.

This court has authority to award attorney fees where authorized by statute, agreement, or equitable grounds. In re Marriage of Greenlee, 65 Wn. App. 703, 707, 829 P.2d 1120 (1992). Under RCW 26.09.140, this court may "order a party to pay for the cost to the other party of maintaining the appeal." See also In re Marriage of Kaufman, 17 Wn. App. 2d 497, 521, 485 P.3d 991 (2021). Under RAP 18.9, this court may order a party to pay compensatory damages or sanctions for filing a frivolous appeal. See In re Custody of S.A.-M.,

---

[6] Anja argues because Daniel has the ability to repay this debt, he must also have the ability to repay her attorney fees and costs, questioning why this debt "takes priority." This contention misses the reality that the debt was incurred to comply with his legal duty to provide Anja property under their settlement agreement.

[7] Accordingly, the trial court did not abuse its discretion in making Conclusion of Law 107–11.

17 Wn. App. 2d 939, 955, 489 P.3d 259 (2021). "An appeal is frivolous when it presents 'no debatable issues upon which reasonable minds could differ,' and is lacking in merit 'that there [is] no reasonable possibility of reversal.'" Id. (alterations in original) (quoting Mahoney v. Shinpoch, 107 Wn.2d 679, 691, 732 P.2d 510 (1987)). Separate from sanctions under RAP 18.9, this court may award fees based on intransigence. In re E.J.S., 16 Wn. App. 2d 776, 785–86, 483 P.3d 110. The party requesting fees bears the burden to demonstrate "the other party acted in a way that made trial more difficult and increased legal costs, like repeatedly filing unnecessary motions or forcing court hearings for matters that should have been handled without litigation." In re Marriage of Pennamen, 135 Wn. App. 790, 807, 146 P.3d 466 (2006).

The trial court found Anja has zero income and is not voluntarily unemployed. It also found Daniel does not have the ability to pay Anja's attorney fees. Based on these findings, we find neither party has the ability to pay the other's attorney fees and decline to award fees under RCW 26.09.140.

While Anja ultimately does not prevail in any of her assigned errors, her appeal is not so lacking in merit "that there is no reasonable possibility of reversal," and we decline to award fees as a sanction under RAP 18.9.

Finally, the trial court declined to find intransigence by Anja. While the litigation at the trial court level and before this court has been complex, we likewise decline to find Anja has been intransigent and we decline to award fees on that basis.

Finding no error in the trial court's rulings, we affirm.

WE CONCUR:

Andrus, A.C.J.