[No. 23646-0-II.   Division Two.   October 22, 1999.]

*In the Matter of the Marriage of* STAFFORD RAY GREENE, *Appellant,* and MARIE M. GREENE, *Respondent.*

---

*Ivan Dale Johnson,* for appellant.

*Thomas Edmund Jacobs* of *Jacobs & Jacobs*, for respondent.

ARMSTRONG, A.C.J — Stafford Greene appeals the division of property in his dissolution from Marie Greene. Stafford argues that the property division was not fair and equitable. He raises several issues, including the trial court's failure to value the assets of the community. Because the trial court did not place a value on the parties' principal assets, we must reverse and remand for a new trial.[1] We touch briefly upon those issues likely to arise in the second trial.

## FACTS

Stafford Greene and Marie Greene were married on July 17, 1981 and separated on March 24, 1996. The couple had no children. At the time of trial, Stafford was 38 years of age and Marie was 42 years of age.

Stafford was a member of the Washington Air National Guard with 18.5 years active military service. His net income was approximately $2,210 per month. Stafford was eligible for full retirement from the Air Force in October of 1998.

At the time of trial, Marie worked as a nutrition counselor at the WIC program for the Pierce County Health Department. On the advice of her doctor, she worked only 32 hours per week because of physical problems. Marie's job was not very secure because it was based on the re-

---

[1] "Where the trial judge who entered deficient findings is no longer on the bench, the only recourse is a new trial." *Wold v. Wold*, 7 Wn. App. 872, 877, 503 P.2d 118 (1972) (citing *Svarz v. Dunlap*, 149 Wash. 663, 666, 271 P. 893 (1928)).

newal of federal funding. Marie's net monthly income was between $1,350 to 1,620 per month. She had been employed by the Health Department for 4.5 years.

The parties' principal assets consisted of their retirement benefits and two parcels of North Carolina real property. The two adjoining parcels, one 17.77 acres and the other 45.33 acres, were purchased by the parties from Marie's grandmother in 1988 and 1994 on real estate contracts. This property had been in Marie's family for almost 100 years. Marie said she purchased the parcels at below market value to provide income for her grandmother, rather than accepting them as outright gifts. At the time of trial, the balance owing on the 17.77-acre parcel was approximately $27,000. Real estate broker, Mike Netherton, testified that the fair market value of this parcel was $53,310. The balance owing on the 45.33-acre parcel was $17,336. Netherton testified that the fair market value of the 45.33-acre parcel was $60,330. But Stafford testified that the two parcels combined were worth $200,000 to $225,000. The combined monthly payment on the parcels is $700.

During the marriage, Stafford started a number of small business ventures, including a computer publishing business known as "Seekers." In connection with his business, he purchased at least $34,285 worth of computer equipment. During the marriage, Stafford also purchased equipment, guns, ammunition, ammunition reloading equipment, and related gear.

The trial court awarded the North Carolina properties to Marie, subject to the real estate contracts. In addition, she was awarded all of her retirement benefits and 25 percent of Stafford's military pension.

## ANALYSIS
### A. Value of Property

Stafford first argues that the court erred in failing to determine the value of the North Carolina properties and

his military retirement. We agree as to the North Carolina properties.

■ The valuation of property in a divorce case is a material fact. *Wold v. Wold*, 7 Wn. App. 872, 878, 503 P.2d 118 (1972). The trial court is required to value the property to create a record for appellate review. *In re Marriage of Hadley*, 88 Wn.2d 649, 657, 565 P.2d 790 (1977). If the court fails to do so, the appellate court may look to the record to determine the value of the assets. *See id.* at 657. But if the values are in dispute, we are unable to determine whether the property division is just and equitable and must remand to the trial court. *In re Marriage of Martin*, 22 Wn. App. 295, 298, 588 P.2d 1235 (1979).

### 1. North Carolina Property

Here, the value of the North Carolina properties is in dispute. Marie's expert valued the properties at approximately $113,000. But Stafford valued the properties at $200,000 to $225,000 and argues that awarding the property to Marie is inequitable. Because the trial court did not value the North Carolina properties—a major asset of the parties—we are unable to review the fairness of the property division. *See id.* at 296 (citing *Wold*, 7 Wn. App. at 875-76).

### 2. Military Pension

■ In *In re Marriage of Pea*, 17 Wn. App. 728, 731, 566 P.2d 212 (1977), we said that, when the evidence is insufficient to estimate the present value of a pension, the trial court may use a percentage formula. Division One extended our analysis in *Pea* and said that a trial court may also employ a percentage formula when the parties present conflicting testimony as to the present value of the pension. *In re Marriage of Bulicek*, 59 Wn. App. 630, 639, 800 P.2d 394 (1990). Here, the parties disagreed as to Stafford's base pay and thus presented conflicting evidence. Therefore, the trial court did not err in using a percentage formula to divide Stafford's pension. Although we find no error, the court's failure to determine the present value of the pen-

sion compounds the difficulty in determining the fairness of the property division.

## B. Military Retirement Benefits

Stafford also contends that the trial court erred in awarding Marie a percentage of the increases in his pension resulting from his military service beyond the date he is eligible to retire. Based on our decision in *Pea*, he argues that retirement benefits must be calculated based on 20 years of military service. Although the trial court did err in awarding Marie "all increases" in retirement benefits, Stafford's analysis is not correct.

■ The typical formula used to determine the total community share of a pension is the months of marriage divided by the total months of service multiplied by the monthly benefit at retirement. *In re Marriage of Chavez*, 80 Wn. App. 432, 436, 909 P.2d 314 (1996) (citing *Bulicek*, 59 Wn. App. at 638-39; *Pea*, 17 Wn. App. at 731). The community share is then multiplied by each party's percentage award. *See Chavez*, 80 Wn. App. at 436-37; *Pea*, 17 Wn. App. at 731. Here, the trial court used a slightly different formula but made the same basic calculation, awarding 75 percent of the community share to Stafford and the remaining 25 percent share to Marie. But the trial court also awarded each party "all increases in the monthly retirement benefit in the same percentage that they are entitled to the monthly benefit including COLA's." This was error.

In *Chavez*, we held that the community share of a pension may include increased benefits attributable to salary increases following dissolution but not increases due to additional years of service. *Chavez*, 80 Wn. App. at 437-38. Additional service in this case is any service beyond 20 years, the time that Stafford's military retirement becomes vested. Because Stafford may decide to stay in the military beyond 20 years, he may be entitled to increased retirement benefits from the military as a credit for his additional years of service. *See id.* at 435. Under *Chavez*, Ma-

rie is not entitled to the increases due solely to additional service, but the trial court may award her any increased benefits that result from an increase in Stafford's salary prior to retirement. Thus, the trial court erred in awarding her a percentage of "all increases in the monthly retirement benefit."

## C. Challenged Findings

▮ Stafford challenges the court's findings that (1) "[s]ubstantial assets of the marriage went into [Stafford's] hobbies and interests and potential business development"; (2) he is "very capable of earning a living in employment or in private business while in the military or after leaving the military"; and (3) Marie "has some physical problems which make her future employment possibilities and earning potential questionable [and s]he will need a bachelor's degree for any sense of future security which will require more schooling on her part." Although the evidence on each finding was in conflict, the record contains substantial evidence to support each. And where the trial court has weighed the evidence, the reviewing court's role is simply to determine whether substantial evidence supports the findings of fact and, if so, "whether the findings in turn support the trial court's conclusions of law." *Organization to Preserve Agric. Lands v. Adams County*, 128 Wn.2d 869, 882, 913 P.2d 793 (1996) (citation omitted). We will not substitute our judgment for the trial court's, weigh the evidence, or adjudge witness credibility. *In re Marriage of Rich*, 80 Wn. App. 252, 259, 907 P.2d 1234 (1996) (citing *In re Marriage of Sedlock*, 69 Wn. App. 484, 849 P.2d 1243 (1993)).

## D. Attorney's Fees

Marie requests attorney's fees on appeal. But the issue of attorney's fees is more appropriately decided by the trial court at the conclusion of the trial on remand.

Reversed and remanded for new trial.

SEINFELD and HUNT, JJ., concur.