IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

In re the Marriage of:                    )        No. 28760-2-III
                                          )
LILIA VALENTYNIVNA KOZNIUK,               )
                                          )
                  Respondent,             )
                                          )
        v.                                )        UNPUBLISHED OPINION
                                          )
GEORGE MEDISON SLAUGHTER,                 )
                                          )
                  Appellant.              )

BROWN, J. — George M. Slaughter appeals the trial court's marriage dissolution decree following his brief marriage to Lilia V. Kozniuk. Mr. Slaughter contends the trial court erred in not declaring the marriage invalid, making certain evidentiary rulings, and requiring him to pay $750 per month maintenance for six months. We affirm.

FACTS

The parties met online and began a two-year courtship. Mr. Slaughter visited Ms. Kozniuk in the Ukraine three times. Mr. Slaughter proposed. Ms. Kozniuk and her son initiated the visa process to travel to the United States. To facilitate the visas, Mr. Slaughter signed an affidavit of support. The affidavit states he would, "provide all necessary support. Support includes room, board, coverage, and educational, cost if

necessary." Report of Proceedings (RP) at 100. Both Ms. Kozniuk and her son received visas and, in December 2007, they arrived in the United States.

The parties were married on January 7, 2008 in Pasco, Washington. They separated on February 3, 2008 after she called police to their residence to report Mr. Slaughter's threats to shoot her and her son. She left the parties' home with her son and went to stay with her brother. Ms. Kozniuk petitioned to dissolve the marriage about one year later, alleging the marriage was irretrievably broken. Mr. Slaughter responded by requesting a declaration of invalidity alleging Ms. Kozniuk fraudulently induced him to marry so she could immigrate to the United States.

During trial, the trial court refused as hearsay a police report offered by Mr. Slaughter containing Ms. Kozniuk's statements during the investigation at their house. During trial, the court learned Mr. Slaughter had a digital recorder in his pocket. The court ordered the bailiff to confiscate the recorder. Mr. Slaughter sought to admit as evidence the conversations on the device. The court ruled the conversations would be inadmissible recordings without consent unless Mr. Slaughter could prove otherwise. The parties went on with the trial without further discussion.

The court denied Mr. Slaughter's request to declare the marriage invalid and, on disputed evidence, decided no fraud occurred. The court dissolved the marriage and ordered Mr. Slaughter to pay $750 per month in spousal maintenance for six months to Ms. Kozniuk. Mr. Slaughter appealed.

## ANALYSIS

### A. Evidence Rulings

The issue is whether the trial court abused its discretion by excluding the police officer's statement and the conversations on Mr. Slaughter's recording device. Mr. Slaughter argues both of these items should have been admitted.

We review a court's evidentiary rulings for an abuse of discretion. *State v. Brown*, 132 Wn.2d 529, 571-72, 940 P.2d 546 (1997). A court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons, i.e., if the court relies on unsupported facts or takes a view no reasonable person would take; the standard is violated when the trial court makes a reasonable decision but applies the wrong legal standard or bases its ruling on an erroneous view of the law. *State v. Hudson*, 150 Wn. App. 646, 652, 208 P.3d 1236 (2009).

Hearsay is an out-of-court statement offered "to prove the truth of the matter asserted." ER 801(c). Unsworn police statements recounting a victim's statement are considered double hearsay and are inadmissible. *State v. Pollard*, 66 Wn. App. 779, 786, 834 P.2d 51 (1992). The court stated tenable grounds to exclude the police report.

The Privacy Act in Washington protects private conversations, "by any device electronic or otherwise designed to record or transmit such conversation regardless how the device is powered or actuated without first obtaining the consent of all the persons

3

engaged in the conversation." RCW 9.73.030(b). The legislature intended broad protection of individuals' privacy rights. *State v. Williams*, 94 Wn.2d 531, 548, 617 P.2d 1012 (1980). Recordings or information obtained in violation of the Privacy Act are inadmissible in court. RCW 9.73.050. Here, the record does not show the required consent. Therefore, tenable grounds exist for the court's ruling.

## B. Maintenance

The next issue is whether the trial court erred in awarding Ms. Kozniuk spousal maintenance. Mr. Slaughter contends the award is based on his affidavit of support, which should not be considered in determining maintenance.

We review a maintenance award for abuse of discretion. *In re Marriage of Zahm*, 138 Wn.2d 213, 226-27, 978 P.2d 498 (1999). A court's findings in support of such award are reviewed for substantial evidence. *In re Marriage of Wilson*, 165 Wn. App. 333, 340, 267 P.3d 485 (2011). "Substantial evidence exists if the record contains evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise." *Bering v. SHARE*, 106 Wn.2d 212, 220, 721 P.2d 918 (1986).

The dissolution court has discretion to order maintenance "in such amounts and for such periods of time as the court deems just, without regard to misconduct, after considering all relevant factors." RCW 26.09.090(1). A nonexclusive list of factors includes: (a) the financial resources of the party seeking maintenance; (b) the time necessary for the maintenance seeker to become employed; (c) the marital standard of living; (d) the marriage's duration; (e) the maintenance seeker's age, physical and

mental condition, and financial obligations; and (f) the ability of the maintenance payer to meet his needs in addition to those of the maintenance seeker. RCW 26.09.090.

Here, the court awarded maintenance based on, "the wife has a need for spousal maintenance and the husband has the ability to pay." Clerk's Papers at 97. In its oral ruling, the court noted this case involved "some extenuating circumstances," including Ms. Kozniuk "immigrated from the Ukraine to come here. And that could be seen as a benefit as well as a burden." RP at 137. The court noted Ms. Kozniuk was working full time for minimum wage, going to school, taking care of her son, and "needs a little support." RP at 140. Mr. Slaughter, while unemployed, is an architect with several years of experience. The court clarified the maintenance award is distinct from any obligation of support Mr. Slaughter may have "under the immigration laws." RP at 140.

Based on this record, the court's finding that Ms. Kozniuk has need and Mr. Slaughter has the ability to pay is supported by substantial evidence. This record does not show the maintenance award was based on the affidavit of support. Given all, tenable grounds exist to support the court's exercise of discretion.

### C. Marriage Invalidity Request

The issue is whether the trial court erred in declining to declare the marriage invalid. Mr. Slaughter contends Ms. Kozniuk fraudulently induced him o marry her.

Generally, we review a trial court's fraud determination for abuse of discretion. *See In re Patterson*, 93 Wn. App. 579, 586, 969 P.2d 1106 (1999) ("The trial court did not abuse its discretion by failing to find fraud."). Under RCW 26.09.040(4)(b)(i), a party

5

may request to have a marriage declared invalid if that person was "induced to enter into the marriage or domestic partnership by force or duress, or by fraud."

Where the trial court has weighed the evidence, the reviewing court's role is to determine whether substantial evidence supports the findings of fact and, if so, whether the findings in turn support the trial court's conclusions of law. *In re Marriage of Greene*, 97 Wn. App. 708, 714, 986 P.2d 144 (1999). An appellate court should "not substitute [its] judgment for the trial court's, weigh the evidence, or adjudge witness credibility." *Id.*

This case involves conflicting evidence. Mr. Slaughter contends Ms. Kozniuk did not intend to be married to him but merely wanted entrance into the United States. Ms. Kozniuk denied Mr. Slaughter's assertion and claimed she was in love with Mr. Slaughter but he became abusive, evidenced by her call for police assistance. The trial court found Ms. Kozniuk to be more credible. We must leave credibility determinations to the trier of fact.

Finally, Mr. Slaughter argues the court should have heard testimony about the parties' religious beliefs in evaluating the fraud allegation. The court excluded this evidence as irrelevant. Solely relevant evidence is admissible. ER 402. Evidence is relevant if it makes a fact of consequence more or less likely to be true. ER 401. In this case, the parties' religious beliefs did not bear on the validity of the parties' marriage. Thus, the court properly excluded it.

6

No. 28760-2-III
*In re Marriage of Kozniuk & Slaughter*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Siddoway, J.

7