IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

COLUMBUS PARK,

          Respondent,

          v.

PATRICIA CROGHAN,

          Appellant.

DIVISION ONE

No. 82066-4-I

UNPUBLISHED OPINION

SMITH, J. — Patricia Croghan appeals the trial court's judgment in favor of her landlord, Columbus Park, in its unlawful detainer action against her. Substantial evidence supports the trial court's findings of fact that Columbus Park did not know of Croghan's complaint to government agencies before serving her with a notice to terminate her month-to-month tenancy. These findings in turn support the trial court's conclusion that Croghan's allegation of retaliation under RCW 59.18.240 does not apply here. The trial court did not abuse its discretion in declining to admit one of Croghan's proffered exhibits at trial because it contained hearsay. Croghan fails to prove any of her allegations that there was fraud or forgery during the trial court proceedings. We affirm.

FACTS

Appellant Croghan was a tenant on a month-to-month lease at Columbus Park, a housing community, campground, and day-use park in Olympia,

Washington.  On September 20, 2018, Croghan e-mailed a complaint regarding dredging that was occurring at the waterfront at Columbus Park to employees at the Washington State Department of Ecology and the Washington Department of Fish and Wildlife.  Croghan states that she had filed a separate complaint regarding goose hunting at Columbus Park earlier that same month with the same state agencies.

On October 5, 2018, Carrie Lerud, manager of Columbus Park, served Croghan with a notice to terminate her month-to-month tenancy.  The notice informed Croghan that her month-to-month tenancy was terminated on October 31, 2018, and that if she did not vacate the premises before that date, she would be in unlawful detainer and judicial proceedings would be initiated for her eviction.  Croghan did not vacate the premises.

On December 21, 2018, Columbus Park, through counsel, filed a complaint for unlawful detainer against Croghan in Thurston County Superior Court.

Croghan answered the complaint and pleaded the defense that the unlawful detainer action was retaliatory.  Specifically, Croghan alleged that Columbus Park retaliated against her because of her complaints to government agencies.

On March 13, 2019, Lerud filed a declaration, stating that at the time she served the notice to terminate, "I was unaware of a complaint against Columbus Park filed by Mrs. Patricia Croghan."  The declaration also stated that "I was notified of the complaint via email on October 18, 2018, see Exhibit 1."  An e-mail

forwarding Croghan's complaint to Lerud on October 18, 2018, was attached as an exhibit to the declaration.

On March 15, 2019, Commissioner Rebekah Zinn held a show cause hearing. Commissioner Zinn said that the rebuttable presumption under RCW 59.18.250[1] was not overcome and, therefore, there was a presumption that it was an unlawful eviction. Because neither party had prepared proposed written findings of facts and conclusions of law, Commissioner Zinn said she would draft findings of fact and conclusions of law and set a presentation hearing.

On March 29, 2019, Commissioner Zinn held the presentation hearing. Commissioner Zinn explained that "in the process of crafting those findings of fact and conclusions of law and looking carefully at the law and the evidence presented again, I am actually going to change my mind." Commissioner Zinn found that there were material questions of fact that warranted holding a trial and set the matter for trial.

A bench trial took place on April 22, 2019, before Judge Carol Murphy.[2] Croghan and Lerud were the only witnesses at trial. At the conclusion of trial, the

---

[1] RCW 59.18.250 provides, "Initiation by the landlord of any action listed in RCW 59.18.240 within ninety days after a good faith and lawful act by the tenant as enumerated in RCW 59.18.240, or within ninety days after any inspection or proceeding of a governmental agency resulting from such act, shall create a rebuttable presumption affecting the burden of proof, that the action is a reprisal or retaliatory action against the tenant."

[2] Croghan's assignment of error 2 states that "[t]he trial court erred by ruling on a motion in limine which was never served, nor filed, nor was appellant given any meaningful opportunity to review and argue the motion in limine." The record reflects that Columbus Park provided both Croghan and the trial court with the motion in limine, and that it was argued and decided during a discussion

court scheduled its oral ruling for April 26, 2019, and invited both parties to submit proposed findings of fact and conclusions of law.

Both parties submitted written proposed findings of fact and conclusions of law. On April 26, 2019, the court gave its oral ruling, which largely adopted Columbus Park's proposed findings of facts and conclusions of law.[3] The court ruled that Croghan had made a report to a governmental entity prior to October 5, 2018, but it was clear that Columbus Park did not know that the complaint or report was made by Croghan until after the notice to terminate tenancy on October 5. The court determined that the language of RCW 59.18.240 indicates that it is necessary that the landlord must know that the complaint or report is by the tenant for the provision to apply. The court further concluded that RCW 59.18.240 does not apply here because Columbus Park was not aware of the complaint by Croghan. Thus, the court concluded that Croghan had committed unlawful detainer and that her tenancy was terminated.

---

about pretrial matters on the day of trial, April 22, 2019. On appeal, Croghan apparently objects to the trial court's statement that it was within the scope of the trial "to hear evidence of Ms. Croghan's claims and reports that she made to Columbus Park that form the basis for her retaliation claim." But the trial court also heard evidence of Croghan's complaints to government agencies and properly ruled that the issue of whether Croghan's complaints to government agencies had merit was outside the scope of the unlawful detainer trial.

[3] Croghan's assignment of error 10 states, "The trial court erred (Murphy) by not preparing her own independent ruling, instead reading verbatim from counsel for Respondent's Findings and Conclusions." The trial court did not err merely by adopting a party's proposed findings and conclusions rather than creating its own; court rules allow for parties to prepare and present proposed findings, conclusions, and judgments, and for the trial court to adopt them. See CR 52, 54.

On June 14, 2019, the court held a presentation hearing at which Croghan did not appear. The court signed Columbus Park's proposed written "Findings of Fact, Conclusions of Law and Judgment, and Order for Writ of Restitution." On June 14 and June 17, Croghan filed declarations, alleging that she lacked notice of the hearing because of a failure in Columbus Park's service. The trial court vacated the orders and rescheduled the hearing.

On June 28, 2019, the court entered "Findings of Fact, Conclusions of Law and Judgment, and Order for Writ of Restitution," identical to those which it had entered on June 14.

Croghan appeals.

ANALYSIS

It was undisputed at this trial for unlawful detainer that Croghan had a month-to-month tenancy, that she had been served with a notice to terminate tenancy, and that she had not vacated the premises, where she still remained at the time of trial. Thus, the central dispute at trial was Croghan's defense that Columbus Park was retaliating against her for complaints she made to governmental authorities.

Specifically, Croghan alleged that Columbus Park violated RCW 59.18.240, which states that a landlord shall not take reprisals or retaliatory action against a tenant "because of any good faith and lawful . . . [c]omplaints or reports by the tenant to a governmental authority concerning the failure of the landlord to substantially comply with any code, statute, ordinance, or regulation

governing the maintenance or operation of the premises, if such condition may endanger or impair the health or safety of the tenant."

Columbus Park's response was that it did not retaliate because it had no knowledge of Croghan's complaint before serving the notice to terminate tenancy. For the reasons detailed below, we affirm the trial court's judgment in favor of Columbus Park.

*Columbus Park's Knowledge of Croghan's Complaint*

Croghan argues that the trial court erred by ruling that Columbus Park did not have knowledge of her complaint to a government agency. We disagree.

When a party does not challenge a trial court's finding, we treat the finding as a verity on appeal. In re Estate of Lint, 135 Wn.2d 518, 532-33, 957 P.2d 755 (1998). When a party challenges a finding, we determine whether substantial evidence supports it. In re Marriage of Griswold, 112 Wn. App. 333, 339, 48 P.3d 1018 (2002). "'Substantial evidence exists if the record contains evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise.'" Id. (quoting Bering v. SHARE, 106 Wn.2d 212, 220, 721 P.2d 918 (1986)). We then determine whether the findings of fact (either unchallenged or supported by substantial evidence) support the trial court's conclusions of law. Landmark Dev., Inc. v. City of Roy, 138 Wn.2d 561, 573, 980 P.2d 1234 (1999). We do not review credibility determinations, which we leave to the trier of fact. In re Marriage of Greene, 97 Wn. App. 708, 714, 986 P.2d 144 (1999).

The trial court issued three findings regarding Columbus Park's knowledge of Croghan's complaint to government agencies:

> 4. Plaintiff had no knowledge of Defendant's complaint to government agencies until after October 5, 2018 when Plaintiff provided the Twenty-Day Notice to Terminate Tenancy.
>
> 5. On October 18, 2018, Plaintiff was notified by Bracy & Thomas, the entity that was referred to as the permitting agency, that the Defendant had filed a complaint about the dredging of the salmon stream.
>
> 6. Defendant herself in a letter to Plaintiff was the first to notify Plaintiff that the Defendant had filed a complaint.

Croghan does not properly assign error to these findings in accordance with the Rules of Appellate Procedure. See RAP 10.3(g) ("A separate assignment of error for each finding of fact a party contends was improperly made must be included with reference to the finding by number. The appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto."). The findings support the trial court's conclusion that Croghan's assertion of improper termination under RCW 59.18.240 does not apply because Columbus Park was not aware of Croghan's complaint. We may affirm on this basis. See Lint, 135 Wn.2d at 532-33.

Even if Croghan had properly assigned error to these findings, the findings are supported by substantial evidence. Lerud filed a declaration, stating that when she served the notice to terminate tenancy on October 5, 2018, she was unaware of a complaint against Columbus Park filed by Croghan. Her declaration states that she was notified of the complaint via e-mail on October

18, 2018.  Attached to her declaration is an e-mail sent to Lerud on October 18, 2018, from Kim Pawlawski at Bracy & Thomas, forwarding Croghan's September 20 e-mail complaint.

Lerud testified at trial that she was not aware of any complaints or reports that Croghan had made in the 90 days before she served the notice to terminate tenancy.  She testified that, after serving the notice to terminate tenancy, she received a letter from Croghan that was "somewhat inflammatory" and called her permit company, Bracy & Thomas, to ask what was going on.  She said the permitting company then forwarded the e-mail to her.  When asked if she took this action to retaliate against Croghan for the complaint she made, Lerud responded, "I didn't have any knowledge of the complaint, so no."

Croghan testified at trial that she did not personally notify Lerud about her complaint before she was served with the notice to terminate tenancy.  Nor did she personally witness anyone else notify Lerud about her complaint before the notice to terminate tenancy was served.  Croghan also submitted into evidence a letter she sent to Lerud days after she was served the notice to terminate tenancy, notifying Lerud that she had filed a complaint.

The evidence before the court was more than sufficient to persuade a fair-minded, rational person that the findings are true.  See Griswold, 112 Wn. App. at 339.  Substantial evidence supports the trial court's three findings regarding Columbus Park's knowledge of Croghan's complaint to government agencies, quoted above.  See id.

Croghan argues that evidence supports the fact that Lerud was notified "of the complaint and/or the identity of Croghan" before serving the notice to terminate tenancy. Specifically, Croghan states that she saw the dredging contractor entering Lerud's office immediately after Croghan's confrontation with him on September 20; that Brandon Clinton, an employee of the United States Army Corps of Engineers, contacted Pawlawski on September 24 and that same day advised Croghan that he left a message at the Columbus Park office; and that Teresa Nation, an employee of the Washington Department of Fish and Wildlife, called Croghan on September 24 and received a copy of Croghan's report from the Department of Ecology via e-mail.

Even assuming the above allegations are true and not barred by the hearsay rule, the circumstantial evidence Croghan offers is purely speculative. It relies not on Croghan's personal knowledge of any communications, but on Croghan's assumptions about what she believes might have been communicated between other people. Lerud's declaration and testimony directly contradicted Croghan's argument that she knew about Croghan's complaint before serving the notice to terminate tenancy. The record reflects that the trial court found Lerud's evidence credible. We will not substitute our judgment for the trial court's and weigh evidence or determine witness credibility. See Greene, 97 Wn. App. at 714.

Croghan argues that Columbus Park did not overcome the rebuttable presumption of retaliation in RCW 59.18.250. First, she states that the trial court did not reference subsection .250 at trial or in its rulings. Croghan addressed this

subsection in her briefing to the trial court and in closing argument. In closing argument, the attorney for Columbus Park specifically cited this subsection and argued that the presumption was rebuttable and there was no retaliation because the Columbus Park had no knowledge of Croghan's complaint when it served the notice to terminate tenancy. Thus, although the trial court did not specifically cite subsection .250 in its rulings, the record reflects that the issue was argued before the court and that the trial court was persuaded by the argument made by Columbus Park. Croghan points to no legal authority requiring the court to enter findings of fact or conclusions of law specifically regarding subsection .250. Second, Croghan points to Commissioner Zinn's oral statement during a show cause hearing that the rebuttable presumption applied. But, as the commissioner herself stated, she later changed her mind and set the matter for trial.[4] Furthermore, the trial court was not bound by the commissioner's earlier oral statements during a show cause hearing.

In sum, substantial evidence supports the trial court's three findings regarding Columbus Park's knowledge of Croghan's complaint to government agencies. These findings support the trial court's conclusion that retaliation

---

[4] Croghan assigns error to what she describes as the commissioner's failure to follow through on giving Croghan the remedy she stated she was going to give her—the dismissal of the unlawful detainer action—and to enforce court rules regarding a 10-day deadline to file a motion for judicial review. But Croghan did not challenge the commissioner's written order on March 29, 2019, setting the matter for trial. We decline to consider such a challenge at this late date.

under RCW 59.18.240 did not apply because Columbus Park was not aware of Croghan's complaint.[5]

*Admission of Croghan's Exhibits at Trial*

Croghan argues that the trial court violated her right to due process and denied her a fair trial by excluding her exhibits until the end of trial. We disagree.

We review a trial court's decision on whether to admit evidence for an abuse of discretion. State v. Bradford, 175 Wn. App. 912, 927, 308 P.3d 736 (2013). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. Id.

The trial court answered Croghan's questions regarding admission of exhibits at the start of trial, before the parties gave their opening statements. Croghan asserts that it was a violation of her due process rights that, during this exchange, the court asked her to utilize her time during a break in the proceedings to have the clerk mark her exhibits. The record reveals no evidence that this denied Croghan the ability to have her exhibits admitted throughout trial. Croghan was able to proffer exhibits and have them admitted during her cross-examination of Lerud and during her own case-in-chief, as well as reopen her case after Columbus Park's closing argument to have two additional exhibits admitted.

---

[5] In light of this holding, we need not address Croghan's argument regarding the definition of "premises." Even assuming that the goose hunt and the dredging occurred on Croghan's "premises" for the purposes of RCW 59.18.240, the trial court's conclusion that there was no retaliation because Columbus Park lacked knowledge of Croghan's complaint would be dispositive.

The trial court in fact admitted all of Croghan's proffered exhibits except one, a report entitled "Department of Ecology - Environmental Report Tracking System," numbered exhibit 17. The report contains e-mails from people not present at trial, and Croghan stated that she wanted to admit it to prove when Lerud received notice of her complaint. The court declined to admit the exhibit because, to the extent it was even relevant, it was hearsay. The report was hearsay because it contained statements made out of court and Croghan was apparently offering it to prove the truth of the matter asserted. See ER 801(c) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). The trial court did not abuse its discretion in declining to admit the exhibit. In addition, the record reflects that the exact same "Department of Ecology- Environmental Report Tracking System" report had already been admitted by the agreement of the parties as exhibit 24, and was thus already before the court.

*Fraud and Forgery Alleged by Croghan*

Croghan alleges that several instances of fraud and forgery occurred during the trial court proceedings. We are not persuaded.

First, Croghan alleges that she has, or is going to obtain, evidence that would demonstrate that Lerud's testimony about her November and December 2018 rent payments was false. However, Croghan has not submitted the evidence she discusses to the trial court or this court.

Second, Croghan alleges that her signature on the "Stipulation and Order for Return of Exhibits," filed after the court's oral ruling on April 26, 2019, was forged. Specifically, Croghan alleges that Columbus Park's attorney copied and pasted her signature from a previously filed pleading onto the stipulation to destroy Columbus Park's exhibits so they would not be preserved for appeal. The record contains no evidence that the signature was forged other than Croghan's declaration to the trial court stating the same. And Croghan's appellant's brief states the court clerk later informed her that no exhibits would be destroyed so that they would be preserved for appeal.

Third, Croghan alleges that Kim Pawlawski's signature on exhibit 20 was forged. But exhibit 20 was not admitted into evidence and therefore that issue is not before the court.

Last, Croghan alleges that the exhibit attached to Lerud's declaration, exhibit 23, the e-mail forwarding Croghan's complaint to Lerud, was altered with correction fluid because letters were faint. The e-mail addresses of senders and recipients (but not the peoples' names) appear in a lighter font color, as does the second e-mail in the forwarded chain. When Croghan questioned Lerud about this at trial, Lerud responded that it is just the way forwarded messages appear when they are forwarded, and that is just how e-mails are printed. Lerud testified that they are not "whited out." Croghan herself requested that this exhibit be admitted into evidence after hearing these explanations from Lerud. The exhibit was admitted; Croghan did not argue in closing that it has been altered.

In short, Croghan has failed to prove any of her allegations of fraud or forgery.

*Attorney Fees and Sanctions*

Columbus Park requests that we order Croghan to pay its attorney fees and costs and impose sanctions against her because her appeal is frivolous, pursuant to RCW 4.84.185 and RAP 18.9(a). An appeal is frivolous when the appeal presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal. Mahoney v. Shinpoch, 107 Wn.2d 679, 691, 732 P.2d 510 (1987). Croghan's appeal was not frivolous because it presents debatable issues on which reasonable minds could differ. We decline Columbus Park's request to order Croghan to pay its attorney fees and costs and impose sanctions against her.

Croghan also requests that we award her sanctions and damages against Columbus Park because its unlawful detainer action against her was frivolous. Given that we are affirming the trial court's judgment in favor of Columbus Park, Columbus Park's lawsuit was not frivolous. We deny Croghan's request to impose sanctions and damages against Columbus Park. We also deny Croghan's request for relief under RCW 59.18.380 and her request that we grant a motion to limit dissemination.

No. 82066-4-I/15

We affirm.

_____

WE CONCUR:

_____     _____
Andrus, A.C.J.