# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JOEL WILSON,

Respondent,

v.

SUMMER MORGAN,

Appellant.

No. 82023-1-I

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. — Summer Morgan appeals a DVPO protecting her son, R.W., and R.W.'s father, Joel Wilson. Morgan contends the trial court erred by entering the DVPO because substantial evidence did not support the court's finding that Morgan committed domestic violence. We affirm.

## FACTS

In September 2020, Wilson petitioned on R.W.'s behalf for an order of protection, naming Morgan as respondent. In his supporting declaration, Wilson attested that on July 26, 2020, he and Morgan agreed to have a picnic with R.W., who at the time resided with Wilson. Wilson declared that when he and R.W. arrived at the picnic, Morgan's boyfriend, Matthew Story, began swearing at Wilson. According to Wilson, he told Story and Morgan that he did not want to fight and attempted to walk away with R.W. Wilson declared that Morgan began grabbing R.W. and bruising his arm. He also declared that Morgan had her arm around R.W.'s neck. Wilson declared that Story began choking Wilson as Morgan

violently pulled on R.W., and Wilson eventually let R.W. go because Wilson got faint and did not want Morgan to hurt R.W. any more. Wilson attached to his declaration a number of screen shots from a video recording of the incident. According to Wilson, Morgan and Story "got away" with R.W., who then went missing for a month. Wilson declared that later, in September 2020, he overheard Morgan, Story, and others talking about again taking R.W. from Wilson by force.

The trial court entered a temporary order protecting Wilson and R.W. from Morgan and setting a hearing on Wilson's petition. The hearing took place on October 5, 2020, and both parties appeared pro se. Morgan did not file any written materials in response to Wilson's petition, but she indicated she was ready to proceed.

Wilson testified first and stated, "[W]e were invited to a picnic at a park and I was choked and my son was taken from me for a month." He testified that he "was very fearful that it might happen again because of what was said and what people told me they heard." He also testified, "[A]lls I could say is what was written down and reiterate it." Morgan disputed Wilson's account of what happened at the picnic and testified that it was Wilson, not Morgan, who bruised R.W.

The trial court granted Wilson's petition and entered a one year domestic violence protection order (DVPO) that was expressly subject to any orders entered in Morgan and Wilson's then-pending dissolution proceeding. The DVPO contains a preprinted finding stating, "The Court Finds Based Upon the Court Record [that]

2

Respondent [i.e., Morgan,] committed domestic violence as defined in RCW 26.50.010." Morgan appeals.

DISCUSSION

Morgan contends the trial court erred by entering the DVPO because substantial evidence does not support the court's finding that Morgan committed domestic violence. We disagree.

We review the trial court's decision to grant or deny a DVPO for abuse of discretion. In re Parentage of T.W.J., 193 Wn. App. 1, 6, 367 P.3d 607 (2016). A trial court abuses its discretion when its decision is manifestly unreasonable, or its discretion is exercised on untenable grounds or for untenable reasons. Id. Where, as here, the trial court has weighed the evidence, our role is simply to determine whether substantial evidence supports the trial court's findings of fact, and whether those findings support the conclusions of law. In re Marriage of Greene, 97 Wn. App. 708, 714, 986 P.2d 144 (1999).

Substantial evidence is a quantum of evidence sufficient to persuade a rational and fair-minded person that a premise is true. Nguyen v. City of Seattle, 179 Wn. App. 155, 163, 317 P.3d 518 (2014). We defer to the trial court's assessment of witness credibility and weight of evidence. Id. We will not substitute our judgment for the trial court's even if we might have resolved a factual dispute differently. Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wn.2d 873, 879-80, 73 P.3d 369 (2003).

Here, the trial court found that Morgan committed domestic violence as defined in RCW 26.50.010. That statute defines "domestic violence" to include "physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault . . . of one family or household member by another family or household member." RCW 26.50.010(3)(b). A "family or household member" includes a person's biological or legal child. RCW 26.50.010(6)(c).

The trial court's finding that Morgan committed domestic violence is supported by substantial evidence. Wilson declared that at the July 2020 picnic, Morgan grabbed R.W.'s arm and bruised it and that Morgan was "violently" pulling on R.W. These declarations, which Wilson made under penalty of perjury and referred to in his testimony at the hearing, were sufficient to support a finding that Morgan inflicted physical harm or bodily injury on her son, R.W. They were also sufficient to support the trial court's finding that Morgan committed domestic violence as defined in RCW 26.50.010. The trial court did not err in granting Wilson's DVPO petition.

Morgan disagrees and argues that the evidence was insufficient because none of the screen shots or other exhibits to Wilson's petition show Morgan hurting R.W. or grabbing him around the neck. Morgan also points out that at the hearing, Wilson did not testify—as he declared in support of his petition—that Morgan grabbed R.W. by the neck. Morgan asserts that "[a]t most, the evidence shows that Morgan grabbed [R.W.]'s arm in an effort to pull him away from escalating

4

violence between [Wilson and Story] and to protect [R.W.] from Wilson." But, Morgan's assertion asks us to reweigh the evidence, and this we will not do. See Merriman v. Cokeley, 168 Wn.2d 627, 631, 230 P.3d 162 (2010) ("A reviewing court may not disturb findings of fact supported by substantial evidence even if there is conflicting evidence."). As discussed, Wilson's sworn statement, to which he referred in his testimony, was sufficient to support the trial court's findings. And, to the extent Morgan argues the trial court could rely only on Wilson's testimony at the hearing and not on the entire record before it, that argument is unpersuasive because Morgan offers no legal authority to support it. See RAP 10.3(a)(6) (requiring arguments to be supported by legal authority); DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

Morgan next contends the trial court erred because in its oral ruling, it found only that acts of domestic violence occurred—not that Morgan committed domestic violence. But, by indicating it would "grant the [DVPO] as requested" by Wilson, the trial court impliedly found that Morgan perpetrated the domestic violence, and its written order included a finding to that effect. See Lang Pham v. Corbett, 187 Wn. App. 816, 830-31, 351 P.3d 214 (2015) ("A written order controls over any apparent inconsistency with the court's earlier oral ruling."). Morgan contends that this "boilerplate" finding was insufficient inasmuch as it was not supported by more

5

specific factual findings, but she cites no authority to support the proposition that the trial court was required to enter specific findings in granting Wilson's DVPO petition. Cf. RCW 26.50.060(7) (requiring the trial court to make particularized findings when it denies a DVPO petition). Morgan's contentions are unpersuasive.

We affirm.

_Appelwick, J._

WE CONCUR:

_Brummer, J._        _Andrus, A.C.J._