IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DIMITAR DERMENDZIEV, | No. 85237-0-I |
| Appellant, | DIVISION ONE |
| v. | |
| GHEORGHE SANDRU, | UNPUBLISHED OPINION |
| Respondent. | |

SMITH, C.J. — Dimitar Dermendziev petitioned for an anti-harassment protection order against his roommate, Gheorghe Sandru, alleging that Sandru had installed surveillance devices in the home that had injured Dermendziev. The court commissioner denied Dermendziev's request for a protection order and denied his subsequent motion for reconsideration. On appeal, Dermendziev contends that the court clerk and LegalAtoms violated his due process rights by tampering with evidence. He also claims that the commissioner abused its discretion in denying his petition and his motion for reconsideration and that the commissioner violated his right to be heard by not considering evidence Dermendziev had submitted at the hearing on the protection order. Because Dermendziev fails to present sufficient evidence to prove his claims, we affirm.

FACTS

In January 2023, Dimitar Dermendziev petitioned for an anti-harassment protective order against his roommate, Gheorghe Sandru, claiming that Sandru

had installed surveillance and neuroweapon devices in their shared home and that Sandru was torturing him in his sleep.

In February 2023, a court commissioner held a hearing on Dermendziev's petition. After the parties presented their arguments, the commissioner denied Dermendziev's request for an anti-harassment protection order. Dermendziev then moved for reconsideration of the commissioner's decision, claiming, among other things, that the hearing had been "highly irregular," that the commissioner did not ask for any evidence or allow him to present his evidence, and that the commissioner did not acknowledge the proof of service that Dermendziev had filed regarding a flash drive of photo and video evidence. The commissioner denied Dermendziev's motion for reconsideration, noting that there were no irregularities in the proceedings.

Dermendziev appeals.

ANALYSIS

Evidence Tampering

Dermendziev contends that the court clerk and LegalAtoms, an artificial intelligence legal services website, tampered with his petition for an anti-harassment order and with the evidence attached to the petition. Because Dermendziev does not present any evidence supporting his assertion that such tampering took place, we disagree.

As to the court clerk's actions, Dermendziev claims that the court clerk failed to notify him that the flash drive that he submitted to the court had been rejected, and, as a result of this failure, no video, photo, or hardcopy evidence

2

was shown at the hearing. But it is unclear from the record whether such a flash drive was filed with the court. In the section of the petition entitled "supporting evidence," Dermendziev indicated that pictures were attached as evidence and that should the court wish, it could subpoena his phone company for records of texts between him and Sandru. But the petition makes no mention of a flash drive containing videos and other photo evidence.

Dermendziev does, however, mention a flash drive in his motion for reconsideration. In his motion, Dermendziev notes that "[t]he court did not acknowledge proof of service of evidence (flash drive 5.48 GB) that was done, which service included sending copies of the Evidence flash Drive to the Court Clerk and to Respondent." As an exhibit to his motion, Dermendziev attached a proof of service sent to the Snohomish County Superior Court that lists the flash drive in the list of documents served. But serving the flash drive on the court was not the proper way to file this material with the court. Snohomish County Local Rule 10(h) requires that all pleadings, motions, and other papers filed with the court be legibly written or printed. SCLR 10(h); GR 14. The rule also provides that items such as thumb drives, compact disks, audio tapes, or similar devices must be transcribed by the filing party and filed as a document in paper format to become part of the permanent court record. SCLR 10(h). Dermendziev provides no proof that he did so.[1] However, we note that the court docket does reflect that Dermendziev's proof of service was filed in the record. Still, without additional

---

[1] The proof of service is dated January 26, 2023. The trial court docket indicates that two proofs of service were filed on January 31, 2023 but neither date-stamped copy is included in the record on appeal.

proof that the flash drive materials were submitted to the court and then rejected, we are unpersuaded that the court clerk failed to notify Dermendziev that his flash drive was rejected as a filing.

As to his claims about LegalAtoms, Dermendziev also maintains that the web service tampered with his petition by deliberately changing the formatting in such a way as to irritate the court, by mischaracterizing his account of the events at issue, and by denying him an opportunity to attach more evidence to his petition. The record does not support these assertions.

As to his first assertion, that LegalAtoms changed the formatting of his petition, Dermendziev failed to provide proof that the petition was altered in any way. He did not provide, for example, a copy of the petition before he submitted it to LegalAtoms. The only version of the petition available in the record on appeal is what was filed with the superior court. Therefore, the record is insufficient for us to determine whether the petition was changed by LegalAtoms in any way.

In support of his second argument against LegalAtoms, that the web service mischaracterized his account of the events at issue, Dermendziev relies on a slew of e-mails between himself and LegalAtoms staff that were attached as exhibits to his motion for reconsideration. In the e-mails, Dermendziev raised concern that the text of his petition had been altered and that he was having difficulty uploading exhibits and submitting the petition. In response to his concerns, the LegalAtoms technical support team told Dermendziev that an attorney would contact him directly to assist with uploading his exhibits and

4

amending his petition.  Still, Dermendziev continued to e-mail the technical support team for assistance amending his petition.  Technical support staff advised Dermendziev to wait until an attorney contacted him to help.

A few days later, Dermendziev e-mailed again, asking that LegalAtoms staff "enable the upload and edit [his petition] without further tampering." LegalAtoms staff responded that they had resubmitted Dermendziev's case and did not run into any technical issues while doing so; they requested that Dermendziev send them screenshots of the issues he was facing.  Dermendziev appeared to be confused by the exchange: he asked, "You have resubmitted what?  And Who authorized you?"  These e-mails do not demonstrate that LegalAtoms altered Dermendziev's petition in anyway.  On the contrary, they show that the LegalAtoms technical staff attempted to assist Dermendziev several times and that Dermendziev was uncooperative.

As to his final argument, that LegalAtoms denied Dermendziev the opportunity to include additional exhibits to his petition, Dermendziev again relies on the e-mail correspondence between himself and LegalAtoms staff.  In an e-mail sent on January 4, 2023, Dermendziev wrote:

> Your website did not let me submit any attachment evidence in the evidence box reserved for the 2nd incident and used the same refusal 10 attachments max msg error I was getting at the first incident evidence box.  This I find suspicious and troubling.

In response to this e-mail, LegalAtoms staff informed Dermendziev that there was a maximum of ten attachments permitted across the entire application but that LegalAtoms would examine his application and investigate.  These

5

e-mails do not prove that LegalAtoms purposefully tried to keep Dermendziev from submitting additional attachments. Moreover, we note that Dermendziev was free to file his petition directly with the court and attach as many exhibits as necessary. Based on the record before us, we disagree that LegalAtoms tampered with Dermendziev's petition.

<u>Right to be Heard</u>

Dermendziev also contends that the court commissioner abused its discretion in denying his petition for an anti-harassment order because the commissioner did not let him present evidence at the hearing, denying him of his right to be heard. Dermendziev also maintains that the commissioner abused its discretion in denying his motion for reconsideration because he was not permitted to present evidence at the petition hearing. We disagree.

We review a trial court's decision to grant or deny an anti-harassment protection order for an abuse of discretion. <u>Maldonado v. Maldonado</u>, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). The same standard of review applies to a trial court's decision to deny a motion for reconsideration. <u>Wilcox v. Lexington Eye Inst.</u>, 130 Wn. App. 234, 241, 122 P.3d 729 (2005). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. <u>In re Marriage of Chandola</u>, 180 Wn.2d 632, 642, 327 P.3d 644 (2014). On appeal, "[w]e will not substitute our judgment for the trial court's, weigh the evidence, or adjudge witness credibility." <u>In re Marriage of Greene</u>, 97 Wn. App. 708, 714, 986 P.2d 144 (1999). Instead, we review whether substantial evidence supports the trial court's findings of fact and

whether those findings support the court's conclusions of law. Greene, 97 Wn. App. at 714.

To grant an anti-harassment protection order, the trial court must find by a preponderance of the evidence "that the petitioner has been subjected to unlawful harassment by the respondent." RCW 7.105.225(1)(f). "Unlawful harassment" is defined as:

> A knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, harasses, or is detrimental to such person, and that serves no legitimate or lawful purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner.

RCW 7.105.010(36)(a).

Here, the commissioner found that Dermendziev failed to put forth sufficient evidence to establish by a preponderance of the evidence that Sandru engaged in conduct that caused him substantial emotional distress. This was not an abuse of discretion.

In support of his petition, Dermendziev alleged that Sandru had installed electronic devices to "torture and assault" him while he slept, that Sandru forced him to remove a dashcam installed in his room, that Sandru had refused to let Dermendziev dig up the fiberglass insulation in their ceiling, and that Sandru had refused to deliver Dermendziev's rent check for him. Dermendziev did not provide photos of the alleged electronic devices. In response, Sandru asserted that he had legitimate reasons for not wanting a camera to record their home: he claimed that he did not want to risk recording any passersby without their

permission.  Sandru also provided a declaration from Mike Zachman, Sandru and Dermendziev's landlord, in which Zachman confirmed that he had received both Sandru and Dermendziev's rent checks.  Finally, Sandru provided photos of the attic showing that no eavesdropping holes or other devices existed.

We agree with the court commissioner that the evidence submitted by Dermendziev was insufficient to prove by a preponderance of the evidence that Dermendziev had suffered substantial emotional distress due to Sandru's actions.  None of the conduct alleged appears to be harassing or of the type that would cause a reasonable person to suffer substantial emotional distress.  Therefore, we conclude that the commissioner did not abuse its discretion in denying the petition.

We also conclude that the commissioner did not abuse its discretion in denying Dermendziev's motion for reconsideration.

In response to Dermendziev's claim that he was not allowed to present video evidence, the court noted that Dermendziev failed to follow the local and administrative orders on how to introduce such evidence.  In denying the motion, the commissioner found that there were no irregularities present at the hearing on the petition that warranted reconsideration.  Because the record clearly demonstrates that Dermendziev did not request to present any audio or video evidence at the hearing, we conclude that the commissioner did not abuse its discretion in denying the motion on these grounds.

Still, Dermendziev claims that the court violated his right to be heard by denying him the opportunity to present evidence at the hearing.  But it is unclear

from the record what evidence Dermendziev had filed with the court before the hearing. His petition noted that pictures, videos, and "samples of clippings" were attached as evidence, but these items are not included in the record on appeal. Moreover, it is unclear from the record that Dermendziev wanted to present photos or videos at the hearing; he did not request to do so.

And although Dermendziev alleges that there was no mention at the hearing of the evidence he submitted with his amended petition, we note that the commissioner stated at the hearing that it had reviewed Dermendziev's petition before issuing a ruling. Because Dermendziev has not provided proof that he was not allowed to present evidence in his case, we determine that the court did not err.

Affirmed.

_____
Smith, C.J.

WE CONCUR:

_____
Díaz, J.

_____
Bowman, J.

9