[No. 2598–2. Division Two. May 4, 1978.]

TERRANCE R. ACHESON, ET AL, *Appellants,* v. THE
DEPARTMENT OF EMPLOYMENT SECURITY,
*Respondent.*

*F. G. Enslow* and *Griffin & Enslow,* for appellants.

*Slade Gorton, Attorney General, Joseph M. Littlemore* and *Michael E. Tardif, Assistants, Thomas C. McKinnon,* and *Cartano, Botzer & Chapman,* for respondent.

PEARSON, C.J.—This is an appeal by various employees of the Washington Natural Gas Company from a ruling by the Commissioner of the Employment Security Department (affirmed by the Pierce County Superior Court) that they were disqualified by RCW 50.20.090[1] from receiving unemployment compensation benefits during a strike by other employees of the gas company.

---

[1]RCW 50.20.090 provides:

"An individual shall be disqualified for benefits for any week with respect to which the commissioner finds that his unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed: *Provided,* That this section shall not apply if it is shown to the satisfaction of the commissioner that

"(1) he is not participating in or financing or directly interested in the labor dispute which caused the stoppage of work; and

"(2) he does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in or financing or directly interested in the dispute: *Provided,* That if in any case separate branches of work which are commonly conducted as separate businesses in separate premises are conducted in separate departments of the same premises, each such department shall, for the purpose of this subdivision, be deemed to be a separate factory, establishment, or other premises."

The primary issue on appeal is whether the Commissioner's findings and conclusions that there was a "stoppage of work" and that claimants *participated* in the labor dispute were clearly erroneous findings in view of the entire record. RCW 50.20.090; *Shell Oil Co. v. Brooks,* 88 Wn.2d 909, 567 P.2d 1132 (1977). We find no error and affirm the Superior Court.

■ The ruling of the Commissioner can be reversed in this kind of case only if his findings, conclusions, and decision are "affected by other error of law" or are "clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order . . ." RCW 34.04.130(6)(d), (e). *Shell Oil Co. v. Brooks, supra.* Furthermore, on appeal the decisions of the Commissioner are prima facie correct and the burden is upon the party attacking the decision. RCW 50.32.150; *Schuffenhauer v. Department of Employment Security,* 86 Wn.2d 233, 543 P.2d 343 (1975).

The facts pertinent to the appeal are as follows. On May 1, 1974, Local 17 of the Professional and Technical Engineers struck the gas company, and the union posted pickets at the company's plants in Tacoma and Auburn on that date, and at the Olympia plant the next day. Claimants are employees of the gas company and members of Local 82, Plumbers and Pipefitters, and Local 23, Office and Professional Employees. Claimants of these local unions who did not work during the strike petitioned for unemployment benefits and are here appealing the rulings of the Commissioner and the Superior Court denying such benefits.

There was evidence that supervisors of the company took over some of the work of Local 17 employees, and subcontractors performed other work to prevent interruption in the delivery of natural gas to the company's customers. However, the company's senior vice–president testified that during the strike the work force was 40 percent of normal, and the man–hours worked per week were 53 percent of normal. Customer services were reduced 30 percent, credit and collections were reduced 90 percent, installations were

impaired 40 percent, and various other activities were substantially impaired.

Just prior to the strike, officials of the company met with the claimants to discuss the strike. The testimony of more than 90 witnesses revealed a diverse recollection of what was stated at the meetings. An official of the company testified that he told the employees that work would be available to anyone who wanted it during the strike, and that employees should contact the company. Several employees testified they were told that work would be available, but no instructions were given on how the work would be made available. Some testified they were told work would be available and the company would contact them. Others testified they were told work would be available and they were to contact the company.

There was testimony that supervisors had told employees of Local 82 to report to off–premises sites to receive work assignments. Some employees testified they did report to the off–premises sites and did receive work assignments. Company officials testified that no one who requested work was denied work during the strike of Local 17.

The policy of the Employment Security Act and the exclusions contained in RCW 50.20.090 were recently discussed in *Shell Oil Co. v. Brooks, supra,* and will not be repeated.

■ The first issue is whether there was a stoppage of work. This term was defined in *Shell Oil Co. v. Brooks, supra* at page 913, "a substantial curtailment of the employer's overall operations at the particular situs in question." Rather than applying an arbitrary percentage of normal employment above which a substantial curtailment is reached, the Commissioner must assess a number of factors, such as the decrease in production, business revenue, services rendered, marketing research, maintenance, transportation, and construction activities—all as indicia of extent of the curtailment of work.

■ The question as to whether there has been a curtailment of operations sufficient to justify a conclusion that a

stoppage of work exists is essentially a question of fact, and reviewable under the clearly erroneous test. RCW 34.04-.130(6)(e). *Shell Oil Co. v. Brooks, supra.* If the Commissioner considers all the relevant criteria in making the determination, then no error of law has been committed. In reviewing the Commissioner's findings under the clearly erroneous test, we may not reverse unless we have a definite and firm conviction that a mistake has been made. *Ancheta v. Daly,* 77 Wn.2d 255, 461 P.2d 531 (1969).

In the instant case, the record clearly shows that the Commissioner considered all relevant criteria as specified in *Shell Oil Co. v. Brooks, supra.* Consequently, no error of law is involved on this issue. The evidence of the reduction in the work force, coupled with testimony of the diminished customer service during the strike, precludes us from a definite or firm conviction that the Commissioner was mistaken in his conclusion that a stoppage of work existed. *See Ancheta v. Daly, supra.*

The second issue arises under the first proviso of RCW 50.20.090, which removes the labor dispute disqualification from benefits where the employee (1) "'is not *participating* in or financing or directly interested in the labor dispute which caused the stoppage of work;'" and (2) "'he does not belong to a grade or class of workers'" any of whom are participating in or financing or directly interested in the dispute. (Italics ours.) *Employees of Pac. Maritime Ass'n v. Hutt,* 88 Wn.2d 426, 432, 562 P.2d 1264 (1977).

The refusal of members of one union to cross a picket line established by members of another union is an active and effective participation in the labor dispute. *In re Employees of Pac. Tel. & Tel. Co.,* 31 Wn.2d 659, 198 P.2d 675 (1948); *In re St. Paul & Tacoma Lumber Co.,* 7 Wn.2d 580, 110 P.2d 877 (1941). However, if there is no work available and the employee is given every indication that he is laid off, then he is not further required to cross a picket line in order to show his lack of participation in the labor dispute. *Ancheta v. Daly, supra.*

■ The Commissioner heard persuasive testimony that work was available for those employees who inquired about it, and that the company told the employees that work would be available during the strike. Some employees did work as a result of this information. There is conflicting evidence on whether the company represented to the employees that they would be contacted for work. The Commissioner's findings are prima facie correct, and, based upon conflicting evidence, the finding and conclusion that claimants participated in the labor dispute is not clearly erroneous.

■ Nor was error of law committed by the failure of the Commissioner to make a finding with reference to paragraph (2) of RCW 50.20.090. If the claimant employees in fact participated in the labor dispute, they are disqualified from benefits whether or not they belonged to the same grade or class as the employees who were on strike. Paragraphs (1) and (2) of RCW 50.20.090 are written in the conjunctive and both must be established in order to remove the disqualification from benefits enunciated in the statute.

Judgment affirmed.

PETRIE and SOULE, JJ., concur.