**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| JOSHUA MCKINNEY,<br><br>               Appellant,<br><br>       v.<br><br>CHRISTINE BOOKER,<br><br>             Respondent. | No. 84799-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Joshua McKinney, proceeding pro se, appeals from the trial court's denial of his petition for an antiharassment protection order against his ex-girlfriend, Christine Booker. Because McKinney does not establish that the trial court abused its discretion in denying the petition, we affirm.

McKinney previously obtained an antiharassment protection order against Booker in March 2020. That order was based on harassment that occurred in 2019 and 2020, which included unwanted text messages, unwanted and anonymous phone calls, and threats. The instant petition for an antiharassment protection order, in contrast, is predicated on 19 text messages that Booker sent McKinney in July 2022 in which Booker allegedly threatened and insulted McKinney. The trial court denied the petition, and denied McKinney's subsequent motion for

reconsideration, because McKinney failed to establish that substantial emotional distress occurred as a result of the July 2022 text messages.

A trial court's decision to grant or deny an antiharassment protection order is reviewed for an abuse of discretion. *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). So, too, is an order denying a motion for reconsideration. *In re Marriage of Tomsovic*, 118 Wn. App. 96, 108, 74 P.3d 692 (2003). A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *In re Marriage of Chandola*, 180 Wn.2d 632, 642, 327 P.3d 644 (2014). "We will not substitute our judgment for the trial court's, weigh the evidence, or adjudge witness credibility." *Greene v. Greene*, 97 Wn. App. 708, 714, 986 P.2d 144 (1999). Rather, our role is simply to determine whether substantial evidence supports the trial court's findings of fact and whether those factual findings support the conclusions of law. *Id.* We also view the evidence and reasonable inferences in the light most favorable to the party who prevailed below. *Garza v. Perry*, 25 Wn. App. 2d 433, 453, 523 P.3d 822 (2023). Here, that party is Booker.

The governing statutes are clear. To grant an antiharassment protection order, a trial court must find by a preponderance of the evidence "that the petitioner has been subjected to unlawful harassment by the respondent." RCW 7.105.225(1)(f). RCW 7.105.010(36)(a) defines "unlawful harassment" as:

> A knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, harasses, or is detrimental to such person, and that serves no legitimate or lawful purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner . . . .

Thus, a petitioner must not only prove that the alleged course of conduct "would cause a reasonable person to suffer substantial emotional distress," they must also prove that the course of conduct "actually cause[d] substantial emotional distress to the petitioner."

The trial court here did not abuse its discretion in finding that McKinney failed to establish that substantial emotional distress occurred as a result of the 19 text messages that he received from Booker in July 2022. As the trial court correctly noted, "In the Petitioner's original Petition, he says things that they could do, and then in the part where he alleges harm, he just says you're -- he talks about her actions and say[s], 'were generally emotionally distressing.' He provides no other information." The court exhaustively reviewed the text messages on the record and agreed with McKinney that the messages "would be distressing," but nonetheless confirmed that the evidence does not establish that the text messages "actually cause[d] substantial emotional distress to the Petitioner" as required to establish "unlawful harassment" under RCW 7.105.010(36)(a). Substantial evidence, as recounted by the trial court, supports this finding.

Notwithstanding the above analysis, McKinney argues that the trial court erroneously failed to consider the entire "course of conduct"—which he claims includes the conduct that warranted the March 2020 antiharassment protection order—in deciding whether to grant his July 2022 petition for an antiharassment protection order. This argument misreads the relevant statutes. The phrase "course of conduct" is defined in RCW 7.105.010(6)(a) as follows:

> a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. 'Course of

conduct' includes any form of communication, contact, or conduct, including the sending of an electronic communication, but does not include constitutionally protected free speech. . . .

Additional guidance is provided in RCW 7.105.010(6)(b), which states:

In determining whether the course of conduct serves any legitimate or lawful purpose, a court should consider whether:

(i) Any current contact between the parties was initiated by the respondent only or was initiated by both parties;

(ii) The respondent has been given clear notice that all further contact with the petitioner is unwanted;

(iii) The respondent's course of conduct appears designed to alarm, annoy, or harass the petitioner;

(iv) The respondent is acting pursuant to any statutory authority including, but not limited to, acts which are reasonably necessary to:

(A) Protect property or liberty interests;

(B) Enforce the law; or

(C) Meet specific statutory duties or requirements;

(v) The respondent's course of conduct has the purpose or effect of unreasonably interfering with the petitioner's privacy or the purpose or effect of creating an intimidating, hostile, or offensive living environment for the petitioner; or

(vi) *Contact by the respondent with the petitioner or the petitioner's family has been limited in any manner by any previous court order*.

(Emphasis added.)  As the italicized text shows, a prior court order is *one consideration among many*, and not the only consideration, in determining whether an alleged course of conduct constitutes unlawful harassment.

The trial court here appropriately recognized the prior court order and corresponding conduct, stating "there's a lot of reliance on stuff that's already been litigated in the past."  But exercising its discretion to weigh the evidence and

adjudge witness credibility, the court focused its analysis on recent events: "the stuff that is brought before me today." It then found "there's counterbalances about, you know, what happened." In doing so, the court reasonably exercised its discretion and appropriately weighed the evidence. This court will not reweigh that evidence.

Moreover, McKinney's argument, if accepted, would lead to absurd results. If a trial court were required to grant an antiharassment protection order based solely on conduct that warranted a previous antiharassment protection order, it would allow petitioners to satisfy the specific requirements to obtain an antiharassment protection order merely by pointing to the previous protection order without proof of a course of conduct presently directed at the petitioner. Such a holding would also obviate RCW 7.105.405(4)(e), which allows a respondent to avoid renewal of an antiharassment protection order by proving that they "will not resume harassment of the petitioner when the order expires." If McKinney were correct, the existence of a previous court order would be dispositive. That is not what the statutes provide, and we decline to interpret them in that fashion. *See, e.g.*, *City of Seattle v. Kopperdahl*, 22 Wn. App. 2d 708, 712, 513 P.3d 139 (2022) ("We avoid a reading that produces absurd results because we presume the legislature does not intend them.").

Next, McKinney contends that the trial court "erred in finding that [Booker's] conduct would cause a reasonable person to suffer substantial emotional distress, but not finding that it actually caused substantial emotional distress." This argument misreads the pertinent statute. Under RCW 7.105.010(36)(a), "The

course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, *and* must actually cause substantial emotional distress to the petitioner." (Emphasis added.) By stating these two requirements in the conjunctive, the statute requires both that the alleged course of conduct would cause a reasonable person to suffer substantial emotional distress (an objective test) and that the course of conduct actually caused McKinney to experience substantial emotional distress (a subjective test). *See, e.g., Acheson v. Emp't Sec. Dep't*, 19 Wn. App. 915, 920, 579 P.2d 953 (1978) ("Subparagraphs (1) and (2) of RCW 50.20.090 are written in the conjunctive and both must be established in order to remove the disqualification from benefits enunciated in the statute."). Given the paucity of persuasive evidence that McKinney actually experienced such emotional distress, we cannot—and will not—reweigh the evidence, adjudge witness credibility, or otherwise substitute our judgment for the trial court's even if we might have resolved the issue differently. *Greene*, 97 Wn. App. at 714.

Lastly, McKinney contends that the trial court erred in not awarding him attorney fees under RCW 7.105.340(7)(f). That statute provides, "The court may order a respondent found in contempt of the order to pay for any losses incurred by a party in connection with the contempt proceeding, including reasonable attorneys' fees, service fees, and other costs." RCW 7.105.340(7)(f). The statute relates to a respondent's failure to surrender their firearms as required by an extreme risk protection order. *See* RCW 7.105.340. As no such protection order

is at issue here, McKinney fails to show that the trial court erred, let alone abused

its discretion, when it did not award attorney fees under this statute.

We Affirm.

Feldman, J.

Bürk, J.          Dwyer, J.